# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:18-cv-03957-CJC-KES | Date: May 21, 2018 |

Title: THANKSNIEKY PHUONG v. WARDEN

PRESENT:

**THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE**

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      **ORDER TO SHOW CAUSE why Petition Should Not Be Dismissed as Untimely**

## I. BACKGROUND

On May 11, 2018, the Court received a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition") from Thanksnieky Phuong ("Petitioner").

The Petition challenges Petitioner's 2011 conviction for stabbing and robbing victim Cindy Chao. According to the evidence summarized by the California Court of Appeal, Chao was brutally attacked and robbed in her home in 1983 by a man pretending to be seeking childcare services. The case was unsolved until 2004 when a fingerprint analyst reviewing cold cases matched Petitioner's print to a print lifted from Chao's downstairs bathroom door after the attack. People v. Phuong, No. B232025, 2012 Cal. App. Unpub. LEXIS 6943, at *5-6 (Sep. 25, 2012). After Petitioner's arrest, another fingerprint analyst independently compared Petitioner's fingerprint to the one left on Chao's bathroom door and concluded it was a match. Id. at *6. Chao picked Petitioner out of two different photographic six-packs prior to trial. Id. at *6-7. Petitioner matched other identifiers Chao had provided to the police after the attack (e.g., race, age, build, accent, previously lived in Hong Kong). Id. at *5, *7. Petitioner testified at trial that he had never been to Chao's home, or to West Covina where she lived. Id. at *7.

## II.　ANALYSIS

### A.　Petitioner's Conviction Became Final in, at the Latest, March 2014.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), prisoner's generally must file a § 2254 petition within a year of the date when their conviction became final. 28 U.S.C. § 2244(d)(1)(A). Where a state defendant seeks direct review in a state's highest court, the judgment becomes final when time for seeking certiorari review in the United States Supreme Court expires. Jimenez v. Quarterman, 555 U.S. 113, 119 (2009). To appeal to the United States Supreme Court, a petition for writ of certiorari must be filed within 90 days after entry of the state court judgment. U.S. Sup. Ct. R. 13.

Petitioner pursued an unsuccessful direct appeal arguing insufficiency of the evidence. His Petition states that the California Supreme Court denied his petition for review on March 20, 2012. (Petition at 3.) This would mean that his conviction became final ninety days later, on June 18, 2012. Online court records show, however, that the California Supreme Court denied his petition for review on December 19, 2012, such that his conviction became final on March 19, 2013. People v. Phuong (Thanksnieky), No. S206174, 2012 Cal. LEXIS 11907, at *1 (Dec. 19, 2012).

Thus, Petitioner's AEDPA statute of limitations appears to have expired, at the latest, on March 19, 2014, absent statutory or equitable tolling or new, reliable evidence of actual innocence.

### B.　Petitioner Does Not Appear to Be Entitled to Statutory Tolling or Equitable Tolling.

AEDPA provides for statutory tolling of the one-year limitations period while a "properly filed" state habeas petition "is pending." 28 U.S.C. § 2244(d)(2). However, statutory tolling "does not permit the reinitiation of a limitations period that has ended before the state petition was filed," even if the state petition was timely filed. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003).

The Petition identifies Petitioner's first state collateral challenge as filed in 2017, i.e., after March 19, 2014, and thus too late to create statutory tolling under AEDPA. Publicly available records from the California Courts of Appeal likewise do not show any earlier state habeas petitions filed by Petitioner. See California Courts, Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov/.

The Supreme Court has recognized that AEDPA's one-year statute of limitations period may be equitably tolled where (1) the petitioner has been pursuing his rights diligently, and (2) some "extraordinary circumstances" stood in his way and prevented his timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010); see also Spitsyn v. Moore, 345 F.3d 796, 799 (9th

Cir. 2003) (noting such tolling is justified in few cases). The Petition does not plead any facts suggesting Petitioner is entitled to such tolling.

### C.     Petitioner Does Not Appear to Meet the Exception for Actual Innocence.

There is also an equitable exception to the AEDPA's statute of limitations for prisoners who present new, reliable evidence of actual innocence. Lee v. Lampert, 653 F.3d 929, 932 (9th Cir. 2011) (citing Schlup v. Delo, 513 U.S. 298 (1995)); see also McQuiggin v. Perkins, 569 U.S. 383 (2013). Specifically, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him *in light of the new evidence*." Lee, 653 F.3d at 938 (quoting Schlup, 513 U.S. at 327) (emphasis added).

Before trial, Petitioner moved to dismiss his case alleging that the prosecution lost a cigarette butt smoked by the assailant in Chao's house prior to the assault. Phuong, 2012 Cal. App. Unpub. LEXIS 6943, at *16. The trial court denied the motion because Petitioner failed to show "(1) that the lost, destroyed or poorly preserved evidence had an apparent exculpatory value, and (2) that it was recklessly or intentionally destroyed by the police agency or prosecution." Id. The California Court of Appeal affirmed this result, reasoning that when the West Covina Police Department collected evidence from the crime scene in 1983, "DNA analysis was not a regular practice. It did not become a regular practice until the late 1980s and early 1990s." Id. at *14.

Petitioner now alleges that "exhibits demonstrated the police acknowledge they did have the seized cigarette butt" and that "under court warrant the officers did run a DNA test on Petitioner's saliva." (Petition at 5.) Petitioner, however, does not allege new DNA testing on the cigarette butt; his arguments appear to be the same arguments raised at trial and on direct appeal (i.e., the police failed to preserve the cigarette butt, thereby precluding DNA testing of it).

Petitioner also argues that "exhibits demonstrate the State suppressed the irrefutable contradictory evidence that proved the original intact fingerprint evidence found at the crime scene did not belong to Petitioner." (Petition at 5-6.) Again, Petitioner appears to be referring to exhibits from his trial, not new evidence.

### III.    CONCLUSION

For these reasons, Petitioner is ordered to show cause in writing **on or before June 15, 2018**, why his Petition should not be dismissed as untimely.

Additionally, Plaintiff failed to pay the $5.00 filing fee or apply to be excused from paying the fee by proceeding In Forma Pauperis ("IFP"). At the same time or before responding to this order to show cause, Petitioner shall either file an IFP application or pay the $5.00 filing fee.

                                                                   Initials of Deputy Clerk JD